1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                * * *

9   UNITED STATES OF AMERICA,        )
                                     )         3:12-CR-00022-LRH-VPC
10              Plaintiff,           )
                                     )
11  v.                               )         ORDER
                                     )
12  SCOTT H. SUMMERHAYS,             )
                                     )
13              Defendant.           )
    _____)

14

15       Before the Court is Defendant Scott H. Summerhays' ("Summerhays") Motion to Withdraw

16  Plea. Doc. #130.[1]  The United States filed an Opposition (Doc. #139), to which Summerhays

17  replied (Doc. #142).

18       On February 22, 2012, Summerhays was indicted on twenty-four counts of violations of the

19  United States Code, including counts of wire fraud, money laundering, identity theft, and

20  aggravated identity theft. Doc. #1. On April 11, 2012, the Court appointed an assistant federal

21  public defender to represent Summerhays. Doc. #9. The Court granted the assistant federal public

22  defender's motion to withdraw as counsel on December 18, 2012. Doc. #33. The Court appointed

23  an experienced attorney from the CJA panel to represent Summerhays on January 8, 2013 (Doc.

24  #34), and granted her motion to withdraw as counsel on August 8, 2013 (Doc. #63). The Court

25  appointed another experienced attorney from the CJA panel on September 5, 2013. Doc. #68. On

26
    _____
        [1] Refers to the Court's docket number.

1   October 7, 2013, Summerhays moved to proceed in pro per.  Doc. #72.  The Court granted

2   Summerhays' motion on October 28, 2013, and appointed Summerhays' CJA attorney to serve as

3   stand-by counsel at trial.  Doc. #79.  Trial commenced on February 11, 2014, the government

4   counsel gave his opening statement and four witnesses testified.  On the second day of trial,

5   Summerhays pleaded guilty to all twenty-four counts of the indictment following an extensive plea

6   canvass by the Court.  Doc. #118.  The Court referred the matter to the Probation Department for a

7   pre-sentence investigation report, and set sentencing for May 29, 2014.  *Id.*  The pre-sentence report

8   and sentence recommendation was issued on April 25, 2014.  After two extended continuances of

9   sentencing at Summerhays' request, on October 14, 2014, he moved to withdraw his guilty plea on

10   three primary grounds: (1) he was not provided competent assistance of counsel; (2) the Court was

11   prejudiced against him; and (3) he is innocent.  Doc. #130.

12        A defendant can withdraw a guilty plea after it has been accepted by the court if "the

13   defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Civ. P.

14   11(d)(2)(B).  "While withdrawal of a plea before sentencing is freely granted when there is a 'fair

15   and just' reason for withdrawal, . . . the burden of showing such a reason rests with the defendant."

16   *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir. 1985).  "Fair and just reasons for withdrawal

17   include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances,

18   or any other reason for withdrawing the plea that did not exist when the defendant entered his

19   plea."  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).  It is not a "fair and

20   just" explanation that a defendant merely changed his mind about pleading guilty, and a defendant

21   "may not withdraw his guilty plea 'simply on a lark.'"  *United States v. Ensminger*, 567 F.3d 587,

22   590 (9th Cir. 2009) (quoting *United States v. Hyde*, 520 U.S. 670, 676-77 (1997)); *United States v.*

23   *Rios-Ortiz*, 830 F.2d 1067, 1070 (9th Cir. 1987).

24        First, Summerhays claims that withdrawal of his guilty pleas would be fair and just because

25   he was never provided competent assistance of counsel.  The facts do not support this claim.  After

26   being represented by the three different defense counsel over one and one half years, Summerhays

1  told the Court on October 7, 2013, "I want to be in charge of my own case.  No one knows my case

2  like I do," and requested that his CJA attorney be appointed as stand-by counsel.  Doc. #139, Ex. 1

3  at 3:18-20.  The Court informed Summerhays of the many risks associated with his request to

4  represent himself at trial, and stated that in this case, the Court believed that Summerhays' decision

5  to represent himself was a mistake.  *See id.* at 25:11-12.  Despite these warnings, and following a

6  lengthy canvass by the Court, Summerhays waived his right to counsel at trial, and accepted the

7  CJA attorney as stand-by counsel.  *Id.* at 29:5-7.  Prior to deciding to represent himself,

8  Summerhays had been provided representation by three separate attorneys, all of whom were

9  competent and capable of representing and assisting him at trial.  Extensive investigative services

10 were also authorized and expended in the course of the counsels' representation of Summerhays.

11 Notwithstanding this, Summerhays maintained his intention to proceed in pro per, despite

12 knowledge of the risks of self-representation.  Based on the facts before the Court, Summerhays has

13 not met his burden to establish that his belief that he was not provided effective assistance of

14 counsel is a "fair and just" reason to withdraw his plea.[2]  The fact is that Summerhays knowingly

15 and voluntarily elected to proceed to trial without counsel.

16      Second, Summerhays argues that the Court "has a conflict of interest, and has shown

17 extreme prejudice against the defendant."  Doc. #130 at 10.  Summerhays refers to the fact that the

18 Court declined to grant a continuance to Summerhays the day before trial, supposedly in an effort

19 to accommodate the prosecutor's retirement schedule.  However, the Court granted six prior trial

20 continuances on behalf of Summerhays.  Moreover, on October 28, 2013, the same day that

21 Summerhays waived his right to counsel, Summerhays acknowledged that he would not be granted

22

23

24      [2] Summerhays argues further that his negative treatment of his stand-by counsel created a "conflict of
   interest" whereby his stand-by counsel provided ineffective assistance due to his bias against Summerhays.
25 Doc. #130 at 5.  The Court finds that this allegation does not meet Summerhays' burden to show a "fair and
   just" reason to withdraw his plea.  Summerhays also fails to meet his burden with respect to his claim that he
26 was not able to get in touch with witnesses to support his defense, because this was precisely one of the risks
   about which the Court informed Summerhays while advising him not to waive his right to counsel.

1   further continuances, and that the trial would begin as scheduled on February 11, 2014.  Doc. #139,

2   Ex. 1 at 31:14-23.  Summerhays has not met his burden to show that the Court is biased against

3   him, or that this supposed bias constitutes a "fair and just" reason to withdraw his plea.

4          Third, Summerhays contends that the most important reason that it would be "fair and just"

5   for the Court to permit withdrawal of his plea is that he is innocent.  Doc. #130 at 11.  This

6   argument is contradicted by the factual admissions made under oath by Summerhays.  Importantly,

7   Summerhays entered his guilty pleas on the second day of his trial, after having heard the

8   prosecutor's opening statement and the testimony of four significant government witnesses.  As

9   part of the Court's extensive plea canvass, during which Summerhays was under oath, the

10  prosecutor outlined at length the evidence and witnesses that the government planned to present at

11  trial.  The Court expressly referred to the prosecutor's outline of his case and the testimony of the

12  witnesses who had already testified, and asked whether Summerhays strongly disagreed with any of

13  the existing or proposed evidence.  Summerhays responded "No, sir."  Doc. #139, Ex. 2 at 9:6-16.

14  During the plea canvass, the Court also presented a detailed summary of the conduct allegedly

15  committed by Summerhays that had been prepared by the government as part of an earlier plea

16  memo.  After each account describing Summerhays' alleged wrongdoing, the Court asked

17  Summerhays whether it was an accurate representation of his actions. Each time, Summerhays

18  responded that the accounts accurately described his conduct and the evidence which he expected

19  would be presented.  *See id.* at 10:8-18:6.  The Court then went through the twenty-four count

20  indictment count-by-count, identifying the specifics of many of the counts.  Without equivocation,

21  Summerhays verified the accuracy of his conduct in many of the counts, disagreeing with none of

22  them, and entered guilty pleas to each of the twenty-four counts.  *See id.* at 20:13-25:10.

23         Following the Court's lengthy canvass and Summerhays' pleas, the Court asked the

24  following question: "Are you pleading guilty to each of these 24 charges against you because, in

25  truth and in fact, you are guilty of each one of them and for no other reason?"  *Id.* at 25:11-13.

26  Summerhays responded "Yes, sir."  *Id.* at 25:14.  With that, the Court accepted Summerhays' guilty

pleas, found him guilty on each of the twenty-four counts, and made related findings supporting acceptance of the pleas.

Summerhays has not identified "newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ortega-Ascanio*, 376 F.3d at 883. Moreover, "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Again, Summerhays has not met his burden to establish a "fair and just" reason to withdraw his plea because no evidence indicates that his guilty pleas were not knowing and voluntary.

IT IS THEREFORE ORDERED that Summerhays' Motion to Withdraw Plea (Doc. #130) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE