UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>SCOTT H. SUMMERHAYS, )<br>  )<br>Defendant. )<br>_____ ) | 3:12-CR-00022-LRH-VPC<br><br>**ORDER** |

Before the court is defendant Scott H. Summerhays' ("Summerhays") motion to reconsider the court's order denying his motion to withdraw plea (Doc. #144[1]). Doc. #148. Also before the court is Summerhays' motion to release standby counsel and private investigator. Doc. #143.

On February 22, 2012, Summerhays was indicted on twenty-four counts of violations of the United States Code, including counts of wire fraud, money laundering, identity theft, and aggravated identity theft. Doc. #1. On April 11, 2012, the court appointed an assistant federal public defender to represent Summerhays. Doc. #9. The court then granted the assistant federal public defender's motion to withdraw as counsel on December 18, 2012. Doc. #33.

On January 8, 2013, the court appointed an experienced attorney from the CJA panel to represent Summerhays (Doc. #34), but subsequently granted her motion to withdraw as counsel on August 8, 2013 (Doc. #63). The Court then appointed another experienced attorney from the CJA panel on September 5, 2013. Doc. #68.

---

[1] Refers to the Court's docket number.

On October 7, 2013, Summerhays moved to proceed in pro per. Doc. #72. The court granted Summerhays' motion, and appointed Summerhays' CJA attorney, attorney Scott Edwards, to serve as stand-by counsel at trial. Doc. #79. Trial commenced on February 11, 2014, during which the government gave its opening statement and four witnesses testified. On the second day of trial, Summerhays plead guilty to all twenty-four counts of the indictment following an extensive plea canvass by the court. Doc. #118.

The court referred the matter to the Probation Department for a pre-sentence investigation report, and set sentencing for May 29, 2014. *Id.* The pre-sentence report and sentence recommendation was issued on April 25, 2014. After two extended continuances of sentencing at Summerhays' request, on October 14, 2014, he moved to withdraw his guilty plea on three primary grounds: (1) he was not provided competent assistance of counsel; (2) the Court was prejudiced against him; and (3) he was innocent of all charges. Doc. #130. In a lengthy and well cited order, the court denied Summerhays motion to withdraw his guilty plea on February 25, 2015. Doc. #144. In response, Summerhays filed the present motion for reconsideration of the court's order. *See* Doc. #148.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As such, a motion for reconsideration should not be granted absent newly discovered evidence, an indication that the court committed clear error, or an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In his motion for reconsideration, Summerhays raises the same three arguments raised in his initial motion to withdraw his plea, namely, that (1) he was not provided competent assistance of counsel; (2) the Court was prejudiced against him; and (3) he was innocent of all charges. *See* Doc. #148. The court has already addressed these issues extensively in the court's prior order. *See* Doc. #144. Thus, Summerhays simply rehashes old arguments in the present motion. Further, Summerhays has failed to present any newly discovered evidence, an intervening change of

controlling law, or any clear error by the court that would warrant reconsideration of the court's prior order denying his motion to withdraw his guilty plea. Therefore, the court finds that Summerhays fails to meet his burden under a motion for reconsideration and the court shall deny the motion accordingly.

As to Summerhays' motion to release his standby counsel and the private investigator, the court has reviewed the documents and pleadings on file and finds that there is good cause to grant the motion and release these individuals from further activity in this case.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #148) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to release standby counsel and the private investigator (Doc. #143) is GRANTED. Defendant's standby counsel, Attorney Scott Edwards, and defendant's investigator, Ken Peele, are RELEASED from this action and shall have no further duty in this case.

IT IS SO ORDERED.

DATED this 27th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE