UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | 3:12-CR-00022-LRH-VPC |
| Plaintiff,        ) | |
| ) | |
| v.        ) | <u>ORDER</u> |
| ) | |
| SCOTT H. SUMMERHAYS,        ) | |
| ) | |
| Defendant.        ) | |
| ) | |

Before the Court is Defendant Scott H. Summerhays' ("Summerhays") status as a criminal defendant proceeding in pro per. The Court convened for sentencing on March 30, 2015, at which point Summerhays indicated that he was not qualified or prepared. Based on Summerhays' statements, the Court continued sentencing until April 9, 2015, in order to consider whether to appoint counsel. Doc. #151.[1]

**I.    Factual Background and Procedural History**

This case has a long and drawn-out history. On February 22, 2012, Summerhays was indicted on twenty-four counts of violations of the United States Code, including counts of wire fraud, money laundering, identity theft, and aggravated identity theft. Doc. #1. On April 11, 2012, the Court appointed an assistant federal public defender to represent Summerhays. Doc. #9. The Court granted the assistant federal public defender's motion to withdraw as counsel on December

---

[1] Refers to the Court's docket entry number.

18, 2012. Doc. #33. The Court appointed an experienced attorney from the CJA panel to represent Summerhays on January 8, 2013 (Doc. #34), and granted her motion to withdraw as counsel on August 8, 2013 (Doc. #63). The Court appointed another experienced attorney from the CJA panel, Scott Edwards ("Edwards"), on September 5, 2013. Doc. #68. On October 7, 2013, Summerhays moved to proceed in pro per. Doc. #72. Following a lengthy *Faretta* hearing on October 28, 2013, the Court granted Summerhays' motion to represent himself and appointed Edwards to serve as standby counsel through trial. Doc. #79. Upon Summerhays' request, the Court released Edwards as Summerhays' standby counsel on March 27, 2015. Doc. #150. Summerhays now states that he is not prepared or qualified to represent himself at the sentencing hearing.

Trial was originally set for June 19, 2012, but was continued six times until the Court ordered on October 28, 2013, that there would be no further continuances of the trial date, scheduled for February 11, 2014. Doc. #79. Trial commenced on February 11, 2014, the government counsel gave his opening statement, and four witnesses testified. On the second day of trial, Summerhays pleaded guilty to all twenty-four counts of the indictment following an extensive plea canvass by the Court. Doc. #118.

After Summerhays' guilty pleas, the Court scheduled a sentencing hearing for May 29, 2014, and the probation office submitted a pre-sentence report and sentence recommendation on April 25, 2014. On May 15, 2014, Summerhays requested a continuance of sentencing. Doc. #125. The Court granted Summerhays' motion and set sentencing for August 18, 2014. Doc. #126. On August 4, 2014, Summerhays again requested a continuance of sentencing. Doc. #127. The Court granted Summerhays' motion in part and set sentencing for October 20, 2014. Doc. #129. Summerhays filed a Motion to Withdraw Plea on October 14, 2014 (Doc. #130), and the Court vacated the October 20, 2014 sentencing hearing to consider Summerhays' Motion (Doc. #131). Summerhays then filed a Motion to Release his Standby Counsel on December 10, 2014. Doc. #143. The Court denied Summerhays' Motion to Withdraw Plea on February 25, 2015 (Doc. #144), and scheduled a sentencing hearing for March 30, 2015 (Doc. #146). Summerhays then

filed a Motion to Reconsider the Court's Order denying his Motion to Withdraw Plea. Doc. #148.

On March 12, 2015, the probation office submitted a revised presentence investigation report and sentence recommendation, for reasons discussed below. On March 27, 2015, the Court denied Summerhays' Motion to Reconsider Order Denying Defendant's Motion to Withdraw Plea and granted his Motion to Release Standby Counsel Edwards, after confirming that Edwards had no objection. Doc. #150. Summerhays then appeared at the March 30, 2015, sentencing hearing and, without prior notice to the Court, stated that he was not prepared or qualified to represent himself at sentencing. Doc. #151.

**II.    Legal Standard**

"The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004). Additionally, a criminal defendant "has a constitutional right to proceed without counsel when be voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975). The Supreme Court has held that denial of counsel in a post-verdict proceeding does not violate clearly established Supreme Court precedent. *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013); *see United States v. French*, 748 F.3d 922, 935 (9th Cir. 2014) (noting that *Marshall* reversed the Ninth Circuit's determination that the Sixth Amendment guarantees pro se defendants counsel in post-verdict proceedings).

The Ninth Circuit Court of Appeals has held that the district court can deny a criminal defendant's motion to appoint counsel at sentencing if granting the motion would cause undue delay, or if it becomes clear that the defendant is using such a motion as a strategy to prolong the proceedings. *See United States v. Hantzis*, 625 F.3d 575, 583 (9th Cir. 2010) (holding that the district court did not err in declining to appoint counsel at sentencing where the defendant "managed to delay sentencing for three full years after trial" by repeatedly hiring and firing appointed counsel); *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir. 1987) ("[A] court must be wary against the 'right of counsel' being used as a ploy to gain time or effect delay."), *overruled on*

*other grounds by United States v. Heredia*, 483 F.3d 913, 920 (9th Cir. 2007) (en banc).

**III.     Discussion**

The Court is troubled by Summerhays' cyclical pattern of requesting counsel, deciding to represent himself, requesting that counsel be released, and subsequently requesting appointment of new counsel. However, the record indicates that appointment of counsel is appropriate in this case. On February 10, 2015, the Federal Bureau of Investigation ("FBI") reportedly received information from an inmate at the Washoe County Jail that Summerhays had discussed threatening the Assistant United States Attorney who prosecuted Summerhays, Megan Rachow ("Rachow"), by blowing up her car with an explosive. The inmate, who was also prosecuted by Rachow, stated that he and Summerhays discussed their dislike for Rachow often, and that he told Summerhays that the inmate could acquire C-4 explosives for him. The inmate told the FBI that he came forward with this information to (1) bargain for a downward departure on his sentence, and (2) make sure that he would not be implicated if anything happened to Rachow. Based on this information, on March 12, 2015, the probation office submitted a revised pre-sentence investigation report stating that Summerhays' purported threat constituted obstruction of justice, applied a two-level increase to his offense level, and recommended a lengthier sentence by thirty (30) months.

The Court takes the allegations of these threats very seriously. Additionally, the probation office has calculated and recommended a significant increase to Summerhays' offense level that would increase the duration of his already-lengthy sentence. It is reasonable that Summerhays would suddenly realize the need for assistance of counsel after learning of the probation office's revised recommendation less than two weeks before the March 30, 2015, sentencing hearing. Although Summerhays did not explicitly request appointment of counsel at the March 30, 2015 hearing, he stated that he was not qualified to represent himself despite having months to prepare for the hearing. The Court construes these statements, that he was not prepared or qualified to represent himself, as a request for appointment of counsel.

///

4

Accordingly, the Court grants Summerhays' request for appointment of counsel, and re-appoints Edwards as Summerhays' counsel (not in a standby capacity).[2]  The Court also vacates the scheduled April 9, 2015, sentencing hearing and reschedules said hearing for May 18, 2015, at 1:30 p.m. to enable the parties and counsel to prepare.[3]  Summerhays shall inform his counsel that there will be no further continuances of this sentencing hearing, so counsel should be familiar with Summerhays' case and prepared to proceed on May 18, 2015.

IV.     **Conclusion**

IT IS THEREFORE ORDERED that Summerhays' request for appointment of counsel is GRANTED.

IT IS FURTHER ORDERED that the April 9, 2015 sentencing hearing is vacated and rescheduled for May 18, 2015, at 1:30 p.m.

IT IS SO ORDERED.

DATED this 3rd day of April, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Summerhays indicated at the March 30, 2015, hearing that he was in the process of retaining new counsel.  In the interest of expediency, the Court appoints Edwards, a seasoned and competent lawyer who is familiar with this case, having been previously appointed as counsel and standby counsel for Summerhays.

[3] The Court recommends that the United States Attorney's Office appoint a second counsel to argue at Summerhays' sentencing hearing relative to the threat aggravator.  Given that Assistant United States Attorney Rachow is the subject of Summerhays' alleged threats, separate counsel may be appropriate insofar as an increase to Summerhays' sentence based on the allegations of these threats is likely to be argued or defended.

5